IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JESUS REYNALDO GONZALES,** § | | |
| **TDCJ No. 2053774,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:18-cv-00152-O-BP | |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) filed October 3, 2018 by Petitioner Jesus Reynaldo Gonzales ("Petitioner") pursuant to 28 U.S.C. § 2254 and the Response to the Petition for Writ of Habeas Corpus ("Response") (ECF No. 17). After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

**I.   BACKGROUND**

Petitioner is a prisoner confined in the Stiles Unit of the Texas Department of Criminal Justice ("TDCJ") in Beaumont, Texas. (ECF No. 1 at 1). He challenges the validity of his Young County conviction of "assault on a family member by impeding the normal breathing or the circulation of blood while having a prior conviction for an offense of an assault on a [family member]." (ECF Nos. 1 at 2; 16-3 at 1). He was sentenced on March 1, 2016. *Offender Information Details*, TEXAS DEP'T OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/OffenderSearch/ offenderDetail.action?sid=03211829 (last visited Sept. 26, 2019).

On February 23, 2017, the Second District Court of Appeals affirmed Petitioner's conviction. (ECF No. 16-4). Petitioner filed a motion for extension of time to file a Petition for Discretionary Review ("PDR"). (ECF No. 16-15). The Texas Court of Criminal Appeals ("TCCA") granted the motion and extended Petitioner's deadline to May 26, 2017. (ECF No. 16-16). Petitioner did not file a PDR by the deadline. (ECF No. 16-2 at 1). On May 14, 2018, he filed a state habeas application with the TCCA, which the TCCA denied on July 18, 2018. (ECF Nos. 16-18; 16-20 at 15–16). Petitioner filed the instant Petition for Writ of Habeas Corpus on October 3, 2018. (ECF No. 1).

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A. Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

2

>> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

The Second District Court of Appeals affirmed Petitioner's conviction on February 23, 2017, and because Petitioner did not file a Petition for Discretionary Review by the May 26, 2017 deadline, his conviction became final on June 26, 2017. Consequently, AEDPA's one-year limitation period began running on that day and ended on June 26, 2018. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Petitioner filed the instant Petition for Writ of Habeas Corpus on October 3, 2018.

**B. Petitioner is Entitled to Statutory Tolling**

AEDPA states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner filed a state habeas application with the TCCA on May 14, 2018, and the TCCA denied the application on July 18, 2018. Because the state habeas application was pending for sixty-six days, Petitioner is entitled to sixty-six days of tolling of the AEDPA limitation period. This extended the deadline for filing the instant Petition from June 26, 2018, to August 31, 2018. However, Petitioner did not file the instant Petition until October 3, 2018.

**C. Petitioner is Not Entitled to Equitable Tolling**

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v.*

4

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

To avoid a "fundamental miscarriage of justice," a claim of actual innocence can constitute an extraordinary circumstance that equitably tolls AEDPA's limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392; *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This "fundamental miscarriage of justice" exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394–95 (alterations in original). To establish actual innocence, the petitioner must offer "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner does not argue that he pursued habeas relief with reasonable diligence. Additionally, he does not establish that extraordinary circumstances prevented timely filing. He states that he is innocent, which could be an extraordinary circumstance if true. He does not offer new reliable evidence to support this argument, however. (*See* ECF No. 1). Therefore, because he has not established the two elements required for equitable tolling, he is not entitled to such tolling.

### III.   CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed September 30, 2019.

                                                   _____
                                                   Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE