# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JESUS REYNALDO GONZALES, <br> TDCJ No. 2053774, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil Action No. 7:18-cv-152-O-BP |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS MODIFIED HEREIN

The United States Magistrate Judge has entered his Findings, Conclusions, and Recommendation. ECF No. 18. Petitioner did not file objections to the Recommendation. The Magistrate Judge recommends that this habeas action be dismissed with prejudice as time-barred. The District Court reviewed the Findings, Conclusions, and Recommendation for plain error. Finding no error in the recommendation for disposition, I am of the opinion that the conclusions of law and reasons for dismissal set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with the following modifications:

After his conviction for assault on a family member was affirmed on direct appeal, the Texas Court of Criminal Appeals granted Jesus Reynaldo Gonzales' motion for extension of time in which to file a Petition for Discretionary Review ("PDR"). The deadline for filing the PDR was May 26, 2017. *See* ECF No. 16-16. Although Gonzalez did not file a PDR, his conviction became

final on that date. *See* 28 U.S.C. § 2244(d)(1)(A) (state court conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review); *Webb v. Thaler*, 384 F. App'x 349, 350 (2010) (state court's grant of criminal defendant's request for leave to file an out-of-time PDR rendered his state court judgment of conviction not yet final); *see also Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009) (when "a state court grants a criminal defendant the right to file an out-of-time direct appeal . . . his judgment is not yet final for purposes of" the one-year limitation period). Therefore, Gonzales' one-year limitation period ran through May 28, 2018.[1]

Gonzales filed a state application for habeas relief on May 14, 2018.[2] *See Ex parte Gonzales*, App. No. WR-88,652-01, ECF Nos. 16-19, 16-20, 16-21. The application was denied without written order on July 18, 2018. *See* ECF No. 16-18. Because his state application was pending for 66 days, Gonzales is entitled to 66 days of statutory tolling. *See* 28 U.S.C. § 2244(d)(2) (the one-year federal statute of limitations is tolled while a properly-filed state habeas application is pending); *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009) ("[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided."). Adding 66 days to Gonzales' original federal

---

[1] May 26, 2018 was a Saturday. Therefore, Gonzales' one-year limitation period for filing his federal petition ran through the following Monday. *See* FED. R. CIV P. 6(a)(1)(C).

[2] State habeas applications "are deemed filed at the time they are delivered to prison authorities" for mailing. *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). For purposes of the statute of limitations review, the Court will use the signature date on Petitioner's state habeas application, May 14, 2018, as the filing date.

filing deadline of May 28, 2018 provides a new filing deadline of August 2, 2018. The instant petition was filed on September 21, 2018, after the one-year statute of limitations had expired.[3]

For the foregoing reasons, this action is **DISMISSED** with prejudice as **TIME-BARRED**.

**SO ORDERED** this **24th day** of **October 2019.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). The original petition filed in this action was signed on September 21, 2018 (ECF No. 1 at 15) which will be considered the filing date for the purpose of this Court's review.